Opinion of the Court, by
Ch. J. Boyle.
THIS was a bill filed by Lee against Bickley, claiming of him a conveyance of a small slip of land, being “ all that part of Bickley’s settlement which lies west of Thomas Young’s pre-emption,” which Lee, in his bill, alleges Bickley, in 1790, sold to him, and gave his obligation to convey with general warranty, in a reasonable time after Bickley obtained his patent; and Lee charges, that although Bickley has long since obtained his patent, he refuses to convey, unless Lee would take a conveyance to a boundary containing some acres less than Bickley obliges himself to convey.
Bickley, in his answer, admits the execution of the bond by him; but says it was not intended to be for the whole of that part of his settlement which lies west of Young’s pre-emption, but for so much only as lies west of Young’s pre-emption and south of a line continued westwardly from the west end of the south boundary of forty acres given up to him on a compromise with Young, and which Lee has since been decreed to convey to him. He alleges that the slip contained in that boundary, estimated at the time, by him and Lee, at nineteen and a half acres, is all he sold to Lee, for which he admits Lee has paid him, except thirty-five shillings, which still remains due; and he avers that he has always been willing to convey the nineteen and a half acres, and calls on Lee to respond to these allegations.
Lee, in his response, says he never heard of the nineteen and a half acres; but admits, that when he made *291 the purchase, it was understood he was to have that part only, which lay south of the line of the forty acres, when extended; and he alleges that every cent of the purchase money has been paid, except thirty-one shillings and three pence, which was left with him as surveyor, for the fee of a survey Bickley intended to have made; but that the survey was never made, nor was the money ever demanded of him.
The circuit court, on a final hearing, decreed the bill to be dismissed without prejudice to Lee to bring another suit, and from that decree Lee has appealed to this court.
We can see no substantial reason for dismissing the bill, and turning Lee round to another suit. He certainly showed himself entitled to a part of the land he claimed in his bill, and for so much a conveyance ought, we apprehend, to have been decreed to be made to him, upon appropriate conditions. He is evidently, indeed, not entitled to a decree for the whole of Bickley’s settlement which lies west of Young’s pre-emption; for although the bond purports to be for the whole, yet as Lee admits, in response to Bickley’s answer, that at the time he made the purchase it was understood he was to have that part only, which lies south of the line of the forty acres when extended, he can, in equity and good conscience, be entitled to a decree for no more; nor is he entitled to that, only upon the payment of the balance of the purchase money. That, we suppose, ought to be assumed to be what Lee admits; for as there is no other evidence to prove the demand, were it not for his admission, the lapse of time would have created a presumption that the whole price had been paid. Lee ought, too, to have paid or tendered the balance of the purchase money before he brought suit; and for his failure to do so, as well as because he claimed in his bill more land than it appears by his subsequent admission he is entitled to, he should be made to pay the costs of the suit. A decree for a conveyance to Lee for so much, and upon these terms, would have answered all the purposes of justice, without subjecting the parties to the inconvenience and expence of another suit.
The decree must be reversed with costs, and the cause remanded, that a decree may be entered in conformity to the foregoing opinion.